NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MONTCLAIR BOARD OF EDUCATION, | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| M.W.D. on behalf of D.W.D. | : | Civil Action No. 05-3516  (DMC) |
| Defendant. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court on Defendant M.W.D's application for *pro bono* counsel pursuant to 28 U.S.C. §1915(e)(1).  After carefully reviewing the application, this Court **denies** the application.

### BACKGROUND

On June 6, 2005, Montclair Board of Education ("Plaintiff") and M.W.D., the parent of D.W.D., entered into a settlement agreement relating to the educational placement of D.W.D. Montclair agreed to provide D.W.D. with independent neuropsychological, psychiatric, educational and assistive technology evaluations.

On July 8, 2005, Montclair filed a complaint in the United States District Court for the District of New Jersey to enforce the terms of the settlement agreement.  This Court held a hearing on August 9, 2005 and held that:

> Defendant, M.W.D., be and hereby is restrained from violating the terms of the settlement agreement entered into between the parties on June 6, 2005; and
>
> IT IS FURTHER ORDERED that D.W.D. will attend, at district's expense, the program offered at the Sage Day School, a private

> school for children with disabilities, until such time as independent
> evaluations are completed and an IEP meeting is held to consider
> the findings of those independent evaluators.

(Order of August 18, 2005)

M.W.D. appealed this Court's decision to require D.W.D. to attend Sage Day School

pending the outcome of the evaluations. M.W.D. also takes issue with this Court's decision to

allow the case to proceed without counsel representing D.W.D. In essence, and as she captioned

her appeal, M.W.D. appealed on behalf of her son. However, the Third Circuit held that M.W.D.

may not represent her son in place of an attorney in federal litigation. *See* Osei-Afriyie v. Med.

Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991). As a result, the Third Circuit vacated this

Court's order to the extent that it required D.W.D. to attend Sage Day School pending

completion of independent evaluations. The Circuit remanded the case back to this Court for

consideration of whether D.W.D., having reached the age of majority, is a competent adult.

The issue currently before this Court, however, is M.W.D.'s application for *pro bono* counsel.

<u>DISCUSSION</u>

The Third Circuit remanded this case to this Court, ruling that M.W.D. may "not

represent her son in place of an attorney in federal litigation." Osei-Afriyie., 937 F.2d 876, 882-

83 (3d Cir. 1991). However, the Supreme Court's recent holding in Winkelman v. Parma City

Sch. Dist., 127 S.Ct. 1994 (2007), explains that:

> [p]arents enjoy rights under the Individuals with Disabilities
> Education Act ("IDEA"); and they are, as a result, entitled to
> prosecute IDEA claims on their own behalf. The decision by
> Congress to grant parents these rights was consistent with the
> purpose of IDEA and fully in accord with our social and legal
> traditions. It is beyond dispute that the relationship between a
> parent and child is sufficient to support a legally cognizable

> interest in the education of one's child; and, what is more,
> Congress has found that the education of children with disabilities
> can be made more effective by strengthening the role and
> responsibility of parents and ensuring that families of such children
> have meaningful opportunities to participate in the education of
> their children at school and at home.

Winkelman, 127 S.Ct. at 2006-07.

The underlying case here also concerns the IDEA which is significant in light of the

Winkleman decisions's holding that IDEA "makes parents real parties in interest to IDEA

actions." Id. at 1999.  Although the Third Circuit remanded this case because M.W.D.

represented her son before this Court in the initial action, this Court will allow M.W.D. to submit

the pending application for *pro bono* counsel on behalf of herself and her son, both of whom are

to now be considered interested parties to this action.

In Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), the Third Circuit provided the district

courts with specific guidelines in deciding whether appointing *pro bono* counsel for an indigent

applicant is warranted.  Id. at 158.  The Third Circuit emphasized that, as a threshold matter,

courts are to analyze the substance of an applicant's underlying claim for merit before engaging

in any further evaluation.  Id.

Once a determination of merit has been made, the court will examine a variety of factors

to decide whether or not *pro bono* counsel is necessary, including: the applicant's ability to

present his case; whether the applicant is a prisoner and the effect of the conditions of the

prisoner's confinement; the complexity of the underlying case; whether the case requires a

factual investigation and the applicant's ability to carry out that factual investigation; and

whether credibility determinations are involved that may require the experience of one trained in

the presentation of evidence and cross-examination. <u>Tabron</u>, 6 F.3d at 156.

As a threshold matter, the primary issue in the underlying case is whether the arrangement for MWD's son to attend the Sage School meets MWD's son's free public education needs. According to <u>Tabron</u>, M.W.D. must meet the initial burden of showing that the Sage School may be inadequate to sufficiently address her son's educational needs.

Her application for *pro bono* counsel does not address the threshold issue of the substantive merits of the underlying IDEA action and why the Sage School is insufficient to meet her son's educational needs. Instead, her application for *pro bono* counsel addresses only her own disability and indigent status in very general terms and her failed attempts to obtain counsel through every other available agency that provides legal assistance to low income individuals..

If M.W.D. or her son, D.W.D., wishes to reapply for *pro bono* counsel they may do so. However, as the application stands now, this Court cannot grant *pro bono* counsel to the applicant according to the guidelines established by the Third Circuit in <u>Tabron</u>.

CONCLUSION

The Court **denies** M.W.D.'s application on behalf of her son, D.W.D., for *pro bono* counsel. An appropriate Order accompanies this Opinion.

<u>S/ Dennis M. Cavanaugh</u>
Dennis M. Cavanaugh, U.S.D.J.

Date:          June _26_, 2007
Original:      Clerk's Office
Copies:        All Counsel of Record
               The Honorable Mark Falk, U.S.M.J.
               File